## SECTION 362 COVER SHEET

DEBTORS: Alfred Esparza and Rita Esparza

BANKRUPTCY NO. 08-20253-mkn

MOVANT: Wells Fargo Bank, N.A., not in its individual capacity, but as trustee for RMAC REMIC Trust, Series 2009-9    CHAPTER: 13

---

Certification of Attempt to Resolve the Matter Without Court Action:

Moving counsel hereby certifies that pursuant to the requirement of LR 4001(a)(2), the subject property has been identified as being surrendered in the plan and/or schedules, or an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: 6/18/2010    Signature: /s/ Sherry A. Moore, Esq. Attorney for Movant

---

PROPERTY INVOLVED IN THIS MOTION: 3400 Drover Avenue, Las Vegas, NV 89101

NOTICE SERVED ON: Debtors: Alfred Esparza and Rita Esparza; Debtors' counsel, Matthew E. Aaron; Trustee, Rick A. Yarnall.

DATE OF SERVICE:

| MOVING PARTY'S CONTENTIONS: | | | DEBTORS' CONTENTIONS: |
|---|---|---|---|
| The EXTENT and PRIORITY OF LIENS: | | | The EXTENT and PRIORITY OF LIENS: |
| 1st Wells Fargo Bank, N.A., not in its individual capacity, but as trustee for RMAC REMIC Trust, Series 2009-9 | $ | 212,424.58 | 1st<br>2nd<br>3rd<br>Other<br>Total Encumbrances: |
| 2nd | $ | | |
| 3rd | $ | | APPRAISAL or OPINION as to VALUE: |
| 4th | $ | | |
| Total Encumbrances: | $ | 212,424.58 | |
| APPRAISAL or OPINION as to VALUE: | $ | 192,500.00 | |
| TERMS OF MOVANT'S CONTRACT with the DEBTOR | | | OFFER OF "ADEQUATE PROTECTION" for MOVANT: |
| Amount of Note:    $189,600.00<br>Interest Rate:    9.2%<br>Duration:    30 Years<br>Payment per month:    $1,751.94<br>Date of Post-Petition Default : 11/01/09<br>Post-Petition Arrears:    $14,857.48<br>Recording NOD: 08/25/2008    NOS:<br>SPECIAL CIRCUMSTANCES: The debtor has failed to make post-petition payments. *In re Ellis*, 60 B.R. 432 (9th Cir. BAP 1985).<br>Submitted by:  Sherry A. Moore<br>Signature:    /s/ Sherry A. Moore | | | SPECIAL CIRCUMSTANCES:<br><br><br>Submitted by:<br>Signature: |

FORM 362/10/95

INSTRUCTIONS
for Section 362 Cover Sheet


To expedite the hearing of Section 362 motions for relief from the automatic stay, the moving party shall complete and file with the motion a copy of this Cover Sheet.  The Cover Sheet requires a statement of the nature and extent of the liens on the Debtors' property at issue.  The movant must show at least the status of the issue.  The movant must show at least the status of the movant's lien and any senior liens.  At the Court's discretion, the motion may be denied if this exhibit has not been completed and filed, unless the information is not applicable (such as for motions to lift stay to allow pending litigation to proceed).

This Cover Sheet shall be attached to the front of the motion and a copy served on the debtor. The debtor shall indicate disagreement on the right of the Cover Sheet. The debtor shall file the completed Cover Sheet to the Debtors' formal response or opposition to the motion.

Special circumstances that would compel the granting or denial of the requested relief shall be set forth briefly on the bottom of this Cover Sheet and shall be explained more fully in the motion or response.

NOTICING REQUIREMENTS

The Court will not hear motions not properly noticed.  Unless the Court otherwise orders, twenty-eight (28) days notice of all motions for relief from the automatic stay must be served on the Debtors, the Debtors' attorney and, where applicable, the Chapter 7 trustee, the Chapter 13 standing trustee, or the Chapter 11 trustee.  See Bankruptcy Rules 4001, 9014, and 7004, and the Local Rules of Practice for the District of Nevada, LR 4001, and LR 9013.

1  Kristin A. Schuler-Hintz, Esq., SBN 7171                                    E-filed: 6/18/2010
   Seth J. Adams, Esq., SBN 11034
2  Christopher K. Lezak, Esq., SBN  11185
   Sherry A. Moore, Esq., SBN 11215
3  **McCarthy & Holthus, LLP**
4  9510 West Sahara Avenue, Suite 110
   Las Vegas, NV 89117
5  Phone (702) 685-0329
   Fax (866) 339-5691
6  NVBK@McCarthyHolthus.com

7  Attorney for Secured Creditor,
   Wells Fargo Bank, N.A., not in its individual capacity, but as trustee for RMAC REMIC Trust,
8  Series 2009-9, its assignees and/or successors and the servicing agent QUANTUM SERVICING
   CORP.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | ) Case No. 08-20253-MKN |
|---|---|
|  | ) |
| Alfred Esparza, | ) Chapter  13 |
| Rita Esparza, | ) |
|  | ) **WELLS FARGO BANK, N.A., NOT IN ITS** |
| Debtors. | ) **INDIVIDUAL CAPACITY, BUT AS** |
|  | ) **TRUSTEE FOR RMAC REMIC TRUST,** |
|  | ) **SERIES 2009-9'S MOTION FOR RELIEF** |
|  | ) **FROM AUTOMATIC STAY** |
|  | ) |
|  | ) HEARING: |
|  | ) DATE:   07/21/10 |
|  | ) TIME:    1:30 pm |
|  | ) CTRM:   2 |
|  | ) PLACE:  300 Las Vegas Boulevard South, Las |
|  | ) Vegas, NV 89101 |

**WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT AS TRUSTEE FOR RMAC REMIC TRUST, SERIES 2009-9**, its assignees and/or successors in interest ("Secured Creditor" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may, enforce its rights under applicable state law, or at its election, seek to modify the loan, relative to the Note and Deed of

1

Trust secured by the Debtors' property, commonly known as 3400 Drover Avenue, Las Vegas, NV 89101 ("Property" herein).

Secured Creditor is the payee of a Promissory Note dated 06/20/2007, in the principal amount of $189,600.00, which is secured by the Deed of Trust of the same date, and recorded in the Official Records of CLARK County, Nevada on 06/20/2007 (**see Exhibit "1"**). The Debtors filed the subject bankruptcy petition on 09/07/08.

Pursuant to the terms of the Deed of Trust, a payment received is applied to the account and credited to the next due payment.  For example, a payment received in December will be applied to the November payment if no payment had been received in November.

With respect to Secured Creditor's Deed of Trust, the following is now due:

| | | |
|---|---|---:|
| Unpaid Principal Balance: | $ | 189,223.53 |
| PRE-PETITION DELINQUENCIES | | |
| As set forth in Movant's Proof of Claim: | | |
| **Total Pre-Petition Delinquencies:** | **$** | **8,343.57[1]** |
| POST-PETITION DELINQUENCIES: | | |
| Monthly Payments: 4 at $1,653.70 (11/01/09 through 02/01/10) | $ | 6,614.80 |
| Monthly Payments: 4 at $1,751.94 (03/01/10 through 06/01/10) | $ | 7,007.76 |
| Late Charges: | $ | 514.01 |
| Suspense Charges: | $ | (79.09) |
| Bankruptcy Attorney Fee: | $ | 650.00 |
| Bankruptcy Filing Fee: | $ | 150.00 |
| **Total Post-Petition Delinquencies:** | **$** | **14,857.48[2]** |
| **Total Principal Balance and Delinquencies Due:** | **$** | **212,424.58** |

The next scheduled monthly payment is due July 1, 2010, and continuing each month thereafter.  Late charges will accrue if payment is not received by the 15th of the month when due.

---

[1] Creditor's Proof of Claim may be amended to include advances, fees and costs, incurred pre-petition and paid post-petition.
[2] This is not a post-petition reinstatement quote and may not include any additional advances or costs having been incurred, paid or coming due since filing the instant motion.

2

Secured Creditor recorded a Notice of Default to foreclose on the Property on 8/25/2008. The trustee sale and foreclosure have since been stayed as a result of the subject bankruptcy case.

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to pursue their rights under applicable State and Federal Law to recover the property or to modify the loan.

2. For an Order permitting Movant, at its option, to offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law, said agreement would be non-recourse unless included in a reaffirmation agreement, and permitting Movant to contact the Debtor via telephone or written correspondence to offer such an agreement.

3. For an Order for the immediate pre-confirmation distribution and accounting of any funds being held as adequate protection for Secured Creditor.

4. For an Order that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

5. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

6. For attorneys' fees and costs incurred herein.

7. For such other relief as the Court deems proper.

Dated: June 18, 2010             McCarthy & Holthus, LLP

By: /s/ Sherry A. Moore
    Sherry A. Moore, Esq.
    Kristin A. Schuler-Hintz, Esq.
    Attorney for Secured Creditor
    Wells Fargo Bank, N.A., not in its individual capacity, but as trustee for RMAC REMIC Trust, Series 2009-9

3

*Revised 12/09*                    08-20253-mkn; M&H File No. NV-10-28814
                                    Motion for Relief From Automatic Stay